Marie E. BATCHELDER and
Gerry L. Batchelder

v.

Earl R. TWEEDIE.

Earl R. TWEEDIE, and Colleen I. Tweedie

v.

Marie E. BATCHELDER.

Supreme Judicial Court of Maine.

Aug. 28, 1972.

Wright & MacMichael by Carl R. Wright, Skowhegan, for plaintiffs.

Rudman, Rudman & Carter by Gene Carter, Richard J. Relyea, III, Bangor, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

What did the Legislature intend as to an action commenced in October 1970 to recover damages resulting from an automobile accident occurring February 13, 1969, in which action a verdict for the plaintiff was returned June 16, 1971, when it said in the amendment to 14 M.R.S.A. § 1602, which became effective October 1, 1969,

"In all civil actions, except those actions involving a contract or note which contract or note contains a provision relating to interest, interest shall be assessed from the date on which the complaint is filed in court, provided that if the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days and the losing party at no time requests and obtains a continuance, interest will be assessed from the time of entry of judgment."?

The Presiding Justice ruled the Legislature intended interest to be computed from the date of the filing of the complaint, i. e., October 19, 1970. It is from this ruling the defendant appeals.[1]

We agree with the Court below and deny the appeal.

At the time the cause of action accrued, i. e., February 13, 1969, the statute concerning interest then in effect (14 M.R.S.A. § 1602) provided that,

"Interest shall be allowed on verdicts and amounts reported by referees to be due, from the time of finding such verdicts or making such reports to the time of judgment."[2]

The applicability of 14 M.R.S.A. § 1602, as amended, to a cause of action accruing before the effective date of the amended statute depends on whether the allowance of interest is a matter of substance or a matter of procedure. Substantive rights of the parties are fixed at the date upon which the cause of action accrued. Scammon v. City of Saco, Me., 247 A.2d 108 (1968). Procedural statutes are, however, ordinarily applicable to pending actions. Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372, 102 A.2d 587 (1954).

At common law interest was not an element of damages recoverable in actions of tort for personal injuries. Ballog v. Knight Newspapers, Inc., 381 Mich. 527, 164 N.W.2d 19 (1969). The intention of the Legislature in altering common law by allowing interest must be determined in order to decide whether interest is allowed as a measure of damages, therefore a matter of substance, Katz v. Gordon Johnson Co., 160 F.Supp. 126 (D.C.Me.1958), or as a procedural device to control the parties' conduct of the trial.

14 M.R.S.A. § 1602, as amended, places responsibility to conduct litigation efficiently upon both parties. The plaintiff is allowed interest from the outset of the litigation, provided he causes no delay. The defendant is thereby given incentive to expedite a speedy trial and post trial proceeding. Delays in the process will render him liable for additional interest. The plaintiff, however, may lose his right to interest if he causes delay. The right to interest is not absolute but is subject to enlargement or loss due to the parties' conduct of the proceedings. The possibility of such enlargement or loss of the right to interest evidences a legislative intent to control the conduct of the litigation and has, therefore, a procedural purpose.

The Rhode Island Supreme Court, in Foster v. Quigley, 94 R.I. 217, 179 A.2d 494, 495 (1962), held that interest on a judgment,

" . . . is not of the substance of the right of action but exclusively an inci-

---

1. The parties have stipulated that the judgment entered consisting of the verdict of $32,400, costs including expert witness fees and interest, has been satisfied in full with the exception of the interest item ordered by the Court.

2. This section was repealed by the Laws of Maine, 1969, chap. 397, § 1, and the new section above quoted replaced it. The statute was further amended by Laws of Maine, 1971, chap. 228 to add the provision, "*From and after the date of judgment interest shall be allowed at the rate of 10% per year.*"

dent attached thereto by legislative fiat after such right has been adjudicated. . ."

Authority for the rule that interest on a judgment is ordinarily computed in accordance with the statute in effect at the time of its rendition rather than at the time the action accrued is found in Ballog v. Knight Newspapers, Inc., supra, and Salter v. Utica & Black River Railroad Co., 86 N.Y. 401 (1881).

█ The defendant places great reliance upon Langley v. Home Indemnity Company, Me., 272 A.2d 740 (1971), as authority for his position that the statute in effect at the time the cause of action arose should govern the allowance of interest.

We do not agree.

In *Langley* this Court construed the "uninsured motorist" statute to be a legislative statement of a new policy, a radical change in the existing law. We said there that retroactive application of the "uninsured motorist" clause requirement "would radically affect rights and obligations" of the parties to an automobile liability insurance contract. We found the legislative intention to formulate a new policy did not alter the substantive rights of the parties to existing liability insurance policies.

The statute with which we are here concerned may benefit or penalize either party to litigation depending upon the conduct of the parties at the trial. This exhibits a legislative intention to advance a remedial purpose, not to introduce new policy.

█ The intention is to control the conduct of the trial. That this is so is clear. In order to effectuate this remedial purpose, the Legislature intended the amendment to apply to all judgments rendered in actions commenced after its effective date.

The entry must be,

Appeal denied.