## COMMISSIONER OF the DEPARTMENT OF HUMAN SERVICES

v.

## Jeffrey MASSEY.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1988.

Decided Feb. 25, 1988.

Raymond E. Ritchie (orally), Asst. Atty. Gen., Legal Dept., Station 11, Augusta, for plaintiff.

Thomas J. Nale (orally), Nale & Nale Law Offices, Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

This case involves a paternity suit. The plaintiff, the Commissioner of the Department of Human Services (hereinafter "the Commissioner"), appeals from a judgment in favor of the defendant, Jeffrey Massey, rendered in the Superior Court (Kennebec County) following a jury trial on April 15 and 16, 1987.

The Commissioner commenced this paternity action pursuant to 19 M.R.S.A. §§ 272 and 275 (1981 and Supp.1987) [1] on October

1. Section 272 reads, in pertinent part:
   Paternity may be determined upon the complaint of the mother, child or the public authority chargeable by law with the support of the child. If paternity has been determined or has been acknowledged according to the laws of this State, the liabilities of the father may be enforced in the same or other proceedings by the mother, child or the public authority which has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, necessary support or funeral arrangements, and by other persons including private agencies to the extent that they have furnished the reasonable expenses of pregnancy, confinement, education, necessary support or funeral expenses. Aid to Families with Dependent Children benefits expended, pursuant to Title 22, chapter 1053, on behalf of the mother by the public authority shall be considered necessary support for the child.
   Section 275 reads, in pertinent part:
   The Superior or District Court has jurisdiction of an action under this subchapter and

8, 1985. The Commissioner alleged that Massey was the father of Shorty's son, who was born January 15, 1979. The case was removed from the District Court (Waterville) on October 18, 1985, and resulted in the trial and judgment from which this appeal was taken.

### Discussion

The sole issue presented on appeal is whether the Superior Court committed reversible error in refusing to instruct the jury as to the presumption contained in 19 M.R.S.A. § 280 (Supp.1987), which mandates that if by all expert testimony it is established that the probability of paternity is 97% or greater based on blood and tissue tests, a rebuttable presumption is created that the alleged father in a paternity suit, whose tissue was so tested, is the father of the child. Specifically, section 280(1)(D) reads as follows:

> If the experts conclude that the blood or tissue tests show that the alleged father is not excluded and that the probability of the alleged father's paternity is 97% or higher, the alleged father is presumed to be the father, and this evidence must be admitted.[2]

The alleged father in a paternity action can rebut this presumption through clear and convincing evidence.[3]

Sections 280 and 280–A were enacted in their current form by the legislature in P.L.1985 ch. 652, §§ 8 and 9. These changes became effective on July 16, 1986, which was subsequent to the time that this action had been initiated against Massey.

At trial, the only expert witness testified that the result of the blood tests conducted on Shorty, her son and Massey indicated that there was a 99.17% probability that Massey was the father of Shorty's son.

The Superior Court refused the Commissioner's request that the jury be instructed with regard to the rebuttable presumption created by sections 280 and 280–A. The court reasoned that these changes involved substantive and not procedural rights, and thus could not be applied to actions pending prior to their enactment.

On appeal, the Commissioner contends that the changes made with the passage of P.L.1985 ch. 652, §§ 8 and 9 were procedural in nature. Consequently, the Commissioner argues, these statutory changes could be applied to the action pending against Massey. Massey responds by contending that substantive rights were affected by the statutory changes and these changes could not be applied retroactively to actions pending prior to July 16, 1986.[4]

The legislative history of sections 280 and 280–A fails to reveal the legislature's intent regarding the retroactive application of these sections to cases pending on July 16, 1986. Absent a clear expression or necessary implication of legislative intent to the contrary, a statute will be presumed to have prospective effect only. *Terry v. St. Regis Paper Co.*, 459 A.2d 1106, 1109 (Me.1983); *Michaud v. Northern Maine Medical Center*, 436 A.2d 398, 400 (Me. 1981); *Barrett v. Herbert Engineering, Inc.*, 371 A.2d 633, 635 n. 1 (Me.1977). However, if a statute is procedural and does not create a substantive change in law, it will be applied to cases pending on the date the statute takes effect: "If procedural, the statute applies to all pending cases and such application is, by definition, prospective rather than retrospective." *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056, 1060 (Me.1986). *See also Merrill v. Eastland Woolen Mills, Inc.*, 430 A.2d 557,

---

all remedies for the enforcement of judgments for expenses of pregnancy and confinement for a wife or for education, necessary support or funeral expenses for legitimate children apply.

2. For purposes of section 280, the probability of paternity is an expression of the relative likelihood of the paternity of the alleged father as compared with any other male selected at random from the population.

3. 19 M.R.S.A. § 280–A reads, in its entirety:

> An alleged father may rebut the presumption of paternity contained in section 280, subsection 1, paragraph D, by clear and convincing evidence.

4. Since neither party has briefed or argued the applicability of the general statutory savings clause, 1 M.R.S.A. § 302 (1979) to this case, we do not address the issue.

560–61 (Me.1981); *Dobson v. Quinn Freight Lines, Inc.,* 415 A.2d 814, 816 (Me. 1980). Thus, if the enactment of sections 280 and 280–A constituted only procedural statutory changes, these sections should have been applied to the present case, which was pending on July 16, 1986.

The distinction between a procedural as opposed to a substantive statutory enactment is often difficult to draw. In *Norton,* we described a substantive change in a statute as one that "... determines the legal significance of operative events occurring prior to its effective date by impairing rights or creating liabilities ..." *Norton,* 511 A.2d at 1060 n. 5. If this definition is applied to the present case, it appears that the enactment of sections 280 and 280–A did not create any liabilities or impair any rights that had previously existed. Massey was not rendered liable for acts for which he was not liable prior to the enactment of sections 280 and 280–A, nor was he deprived of any substantive rights he had prior to the enactment of these sections. Moreover, many courts, including ours, have referred to a rebuttable presumption, such as that enacted by section 280, as a procedural device, and not as a substantive legal right. *See Levasseur v. Field,* 332 A.2d 765, 768 (Me.1975); *Legille v. Dann,* 544 F.2d 1, 5 n. 24 (D.C.Cir.1976); *Weber v. Continental Cas. Co.,* 379 F.2d 729, 732 (10th Cir.1967); *Maryland Cas. Co. v. Williams,* 377 F.2d 389, 394 (5th Cir.1967); *Greene v. Oliver Realty, Inc.,* 363 Pa.Super. 534, 526 A.2d 1192, 1196 (1987); *Bixler v. Hoverter,* 89 Pa.Cmwlth. 88, 491 A.2d 958, 959 (1985); *Cichecki v. City of Hamtramck Police Dept.,* 382 Mich. 428, 170 N.W.2d 58, 61 (1969). *See also* 1 J. Weinstein and M. Berger, *Weinstein's Evidence,* § 300[01] at 300–2 (1986).

In his brief, Massey argues that "The effect of Title 19 M.R.S.A. § 280–A effectively increases [Massey's] burden of persuasion [to that of] clear and convincing evidence. This cannot be characterized as a mere change in procedure." Massey's contention is without merit. He fails to acknowledge that even with the enactment of section 280–A, the ultimate burden of persuasion still rests on the plaintiff, here the Commissioner. The Commissioner had the initial and ultimate burden of producing blood tests and other evidence to convince the fact-finder of the merits of the Commissioner's case. Sections 280 and 280–A created a rebuttable presumption that undoubtedly is helpful to the Commissioner in meeting his burden, but the statute does not change the ultimate burden of persuasion that rests on the Commissioner. Moreover, despite Massey's protestations to the contrary, the consensus among courts and commentators appears to be that rebuttable presumptions are procedural devices (or rules of evidence) for allotting the burden of going forward with evidence.

Because of the procedural nature of the statutory changes that were brought about by the enactment of sections 280 and 280–A, the Superior Court erred by refusing to instruct the jury pursuant to these sections. An error in instructing a jury will be a basis for vacating a judgment when "the erroneous instruction without much doubt 'had a controlling influence on a material aspect of the case.'" *St. Pierre v. North East Insurance Co.,* 471 A.2d 1049, 1053 (Me.1984), quoting *Towle v. Aube,* 310 A.2d 259, 264 (Me.1973). Had the court included the presumption of paternity under section 280 in its instructions to the jury, it is highly likely that the outcome of the trial would have been different, because of the significant burden Massey would have had to rebut the presumption. Consequently, the court committed reversible error in not instructing the jury in accordance with sections 280 and 280–A.

The entry will be:

Judgment vacated. Case remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.