**Mary Ann SCHLEAR**

v.

**FIBER MATERIALS, INC.**

Supreme Judicial Court of Maine.

Argued March 21, 1990.
Decided May 4, 1990.

Gerard O. Fournier (orally), Elliott L. Epstein, Isaacson & Raymond, Lewiston, for plaintiff.

Thomas Getchell (orally), Daniel B. Wyman, Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

In this action for wrongful discharge brought by plaintiff Mary Ann Schlear pursuant to the Maine Whistleblowers' Protection Act, 26 M.R.S.A. §§ 831–840 (Pamph. 1987), the Superior Court (Oxford County, *Bradford, J.*) awarded Schlear both damages and attorney fees. On the appeal of her former employer, Fiber Materials, Inc., we affirm.

Until her discharge in August 1987, Schlear was employed as a production worker at Fiber Materials' Rumford plant. In response to her discharge, Schlear in November 1987 filed a two-count complaint against her former employer. In the first count, she claimed her discharge constitut-ed a breach of her employment contract with Fiber Materials. In the second, she claimed her discharge violated the Whistleblowers' Act because it resulted from her repeated reports of alleged illegal security lapses at the Rumford plant and of alleged violations there of the Maine Workplace Smoking Act of 1985, 22 M.R.S.A. § 1580–A (Pamph.1989). Before submission of the case to the jury, the court directed a verdict in favor of Fiber Materials on the breach-of-contract count. The jury then returned a verdict for Schlear on the second count, and fixed her damages at $8,173. The court awarded Schlear $8,843.47 in attorney fees pursuant to section 835 of the Whistleblowers' Act, although the legislature had repealed that section of the Act while Schlear's action was pending. The court held that the repeal of section 835 did not deprive Schlear of the right to attorney fees on her pending Whistleblowers' suit because the attorney fees provision of the Act constituted a substantive right and was not merely procedural or remedial in nature. On appeal Fiber Materials challenges both the money damages and the attorney fees awarded by the Superior Court.

I.

Fiber Materials first contends that the Superior Court committed reversible error by excluding under M.R.Evid. 403 evidence relating to Schlear's alleged misconduct at her subsequent employment and by commenting to the jury on the "harsh" and "strict" nature of Maine's common law regarding termination of employment. Neither contention has merit. We review a Rule 403 determination by the trial court only for abuse of discretion. *See State v. Mylon*, 462 A.2d 1184, 1187 (Me.1983). We here find no abuse of discretion in the court's implicit ruling that the probative value of the proffered evidence was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, ... [and] considerations of undue delay [and] waste of time...." M.R.Evid. 403. With regard to the court's remarks to the jury, which it made in explaining its directed verdict on the breach-of-contract count, there is nothing in the record on appeal to

878

demonstrate any prejudice to defendant, or even a misstatement of the law.

## II.

█ Fiber Materials also argues that the Superior Court erred by ruling that Schlear had met her burden of proof on her claim under the Workplace Smoking Act. Section 1580–A(7) of the Smoking Act provides that "[t]his section does not apply to any business facility where policies concerning smoking have been mutually agreed upon by employer and all the employees." Fiber Materials argues that Schlear's lack of objection to the smoking policy it promulgated demonstrates the mutual agreement required by section 1580–A(7), and that the Act therefore does not apply to its business facility. The record reflects, however, that the smoking policy adopted by Fiber Materials was simply imposed by it on its employees as a response to the enactment of the Smoking Act, was not in any sense agreed upon by all the employees, and did not even originate at the Rumford plant. We find no error in the trial court's ruling that Schlear met her burden that there was no mutually agreed-upon smoking policy.

## III.

Finally, on appeal Fiber Materials asserts that the trial court erred by awarding Schlear attorney fees pursuant to 26 M.R.S.A. § 835 as it existed when Schlear commenced her action in November 1987.[1] That attorney fee provision of the Whistleblowers' Act was repealed effective August 4, 1988, that is, before the entry of judgment on May 9, 1989. See P.L.1987, ch. 782, § 7. Schlear, in her response on appeal, contends that her right to attorney fees under repealed section 835 is preserved by the general saving statute, 1 M.R.S.A. § 302.[2] She invokes the familiar doctrine that under the rule of section 302

a legislative change is given retroactive effect only when the legislative intent to do so is expressly stated or necessarily implied. See City of Portland v. Fisherman's Wharf Assoc., 541 A.2d 160, 162–64 (Me.1988).

█ The canon of construction articulated by section 302 applies only to the question whether retroactive effect will be given to a legislative change in substantive matters; any amendment, repeal, or other change in procedural or remedial law presumptively applies to pending proceedings without any occasion to apply the section 302 canon. See Michaud v. Northern Maine Medical Center, 436 A.2d 398, 400 (Me.1981); Sutherland v. Pepsi–Cola Bottling Co., 402 A.2d 50, 52 (Me.1979). We have defined substantive legislation as that which "radically affect[s] rights and obligations" of the parties. Batchelder v. Tweedie, 294 A.2d 443, 445 (Me.1972) (quoting Langley v. Home Indem. Co., 272 A.2d 740, 746 (Me.1971)). In Batchelder we classified newly enacted provisions for prejudgment interest as remedial and applicable to pending actions. Id. at 444. The repealed section 835 expressly classified attorney fees along with witness fees as "costs of litigation," and it left the award of those costs of litigation entirely to the discretion of the court. See n. 1 above. Applying this analysis, we cannot agree with the Superior Court that section 835 embodied a substantive right. Such a conclusion, however, does not end the matter.

█ The 1988 repealer of section 835 came in connection with a comprehensive restructuring of the procedure for an injured party to obtain vindication under the Whistleblowers' Act. See P.L.1987, ch. 782, §§ 5–6. By the new procedures the Maine Human Rights Commission provides counsel to prosecute any action the Com-

1. 26 M.R.S.A. § 835 (Pamph.1987) provided:
   **Remedies ordered by court**
   A court, in rendering a judgment in an action brought pursuant to this subchapter, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights or any combination of these remedies. A court may also award the prevailing party all or a por-

tion of the costs of litigation, including reasonable attorneys' fees and witness fees, if the court determines that the award is appropriate.

2. 1 M.R.S.A. § 302 (1989) provides in pertinent part:
   Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby.

mission finds reasonable to bring under the Act on behalf of the injured party. *See* 5 M.R.S.A. §§ 4612(4), 4613(1) (1989). In spite of this provision, a complainant may still elect to bring a private action against the employer in the Superior Court. *See id.* § 4621. In that action a successful plaintiff is entitled to attorney fees pursuant to 5 M.R.S.A. § 4614 on a showing that she "first filed a complaint with the commission" and that the commission either dismissed or failed to act upon the complaint. *See id.* § 4622(1).

In the case at bar, Schlear was caught "in the switches" by the diversion of Whistleblowers' actions to initial review by the Human Rights Commission. Schlear's compliance with the new regime was impossible because she could not retrace her steps and establish that she first filed her complaint with the Commission pursuant to section 4622. With access to attorney fees under the Whistleblowers' Act conditioned upon an event that had to have occurred in the past, Schlear, through no fault of her own, was foreclosed from bringing herself within the terms of the new statute. The legislative history of the 1988 changes to the Whistleblowers' Act, however, reveals no legislative intent to deny a continuity of remedies to the unfortunate few who, like Schlear, find themselves caught between the Acts. On the contrary, the legislature both before and after 1988 has plainly intended that persons with meritorious Whistleblowers' claims should be freed from the burden of bearing their own attorney fees. We will treat Schlear's present claim of attorney fees as if she had first filed her complaint with the Human Rights Commission pursuant to 5 M.R.S.A. § 4622. We therefore agree with the Superior Court's award of attorney fees, although our decision is based on different legal reasoning.

The entry is:

Judgment affirmed.

All concurring.