**Charles W. DeMELLO et al.**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION et al.**

Supreme Judicial Court of Maine.

Argued March 6, 1992.

Decided Aug. 7, 1992.

James D. Bivins (orally), Clifford Goodall, Dyer, Goodall & LaRouche, Augusta, for plaintiffs.

Dennis J. Harnish (orally), Asst. Atty. Gen., Augusta, John F. Barnicle, Brunswick, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendants Department of Environmental Protection (DEP), William G. Reid, Irving Oil Corporation, and Ballard Oil and Equipment Company appeal from the judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) reversing the dismissal by the commissioner of the third-party damage claim filed by plaintiffs Charles W. DeMello, Linda R. DeMello, and Phippsburg Center Store, Inc., pursuant to the Oil Discharge Prevention and Pollution Control Act, 38 M.R.S.A. §§ 541–560 (1978 & Pamph.1986), and the Underground Oil Storage Facilities and Ground Water Protection Act, 38 M.R.S.A. §§ 561–570 (Pamph.1986). The DEP argues that the commissioner correctly applied the 1987 version of the Underground Oil Storage Facilities and Ground Water Protection Act. We disagree and affirm the Superior Court's judgment.

The DeMellos purchased the Phippsburg Center Store, which is a general store and gasoline service station on Route 9 in Phippsburg. The store had been owned by William Reid from September 1971 to July 1986 and sold gasoline and kerosene stored

in three underground storage tanks located on the property. As part of the purchase agreement between the DeMellos and Reid, an escrow account had been established for the removal of an inactive 4,000 gallon storage tank. On removal, a hole was discovered in the tank, and the surrounding soil was contaminated with gasoline. Inspection of other underground oil storage tanks and subsurface soils revealed further contamination and leakage. The DeMellos advised the DEP staff that they would replace the problem tanks with new fiberglass facilities.

In March 1987 the DeMellos filed a third-party damage claim against the Groundwater Oil Clean-up Fund, claiming damages for the cost of removal and replacement of the leaking underground facilities, as well as for lost income. The third-party damage claim named Reid, the former owner, as a responsible party, and was amended in August 1987 to include the diminished value of the property. As amended, the third-party damage claim totaled $130,679.90. In March 1989 the DeMellos further amended the claim to add Irving Oil Corporation and Ballard Oil and Equipment Company as responsible parties, each of whom had delivered or owned gasoline products that were deposited into the leaking underground tanks.

In August 1990 the commissioner dismissed the DeMellos' third-party damage claim against the fund, stating that as responsible parties the DeMellos were responsible for their own damages. The DeMellos filed a complaint pursuant to M.R.Civ.P. 80C, seeking direct judicial review of the dismissal by the commissioner. After a hearing, the court reversed the dismissal of the DeMellos' complaint because the commissioner applied the 1987 amendments which did not become effective until September 29, 1987 (P.L.1987, ch. 491, § 19). The court held that the commissioner's retroactive application of the amendments was impermissible because the 1987 amendments substantively affected the DeMellos' rights, and remanded the case to the DEP for further proceedings. The DEP now appeals.

Because the court was acting in an appellate capacity, we directly review the agency decision for an abuse of discretion, legal error, or findings not supported by substantial evidence in the record. *Robinson v. Board of Trustees of Maine State Retirement System*, 523 A.2d 1376, 1378 (Me.1987). The DEP first contends that the commissioner's application of the 1987 amendments was not retroactive because, although the DeMellos may have originally filed their claim on March 30, 1987, they did not perfect it until March 22, 1989, long after the effective date of the 1987 amendments. We disagree. Amendments to a complaint relate back to the date of the original pleading. M.R.Civ.P. 15(c). Contrary to the argument of the DEP, 38 M.R.S.A. § 569 does not prohibit the application of Rule 15(c) by analogy. Although the statute prohibits multiple applications, it implicitly permits amendments prior to the time an award is made by expressly prohibiting additional claims after that time. *See* 38 M.R.S.A. § 569(2)(C) (Pamph. 1986). Consequently, we look to the filing date of the DeMellos' original complaint to determine which version of the statute to apply. *See Brown v. Department of Envtl. Protection*, 549 A.2d 1138, 1139 n. 1 (Me.1988) (applying 1985 version of statute, not 1987 amendments, because the claims were *filed* before the amendments took effect).

We do not reach the DEP's further argument that the commissioner's retroactive application of the 1987 amendments was permissible because the amendments did not deprive the DeMellos of a substantive right. Title 1 M.R.S.A. § 302 states in part, "Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." The DeMellos' claim was a "proceeding[ ] pending" at the time of the 1987 amendments. Although section 302 provides a rule of construction only, we have determined that the rule is controlling "absent clear and unequivocal language to the contrary." *See City of Portland v. Fisherman's Wharf Assocs. II*, 541 A.2d 160, 162–64 (Me.1988). We find nothing in the 1987 enactment to suggest a legislative

intention that the amendments affect pending proceedings.

The DEP relies on our statement in *Schlear v. Fiber Materials, Inc.*, 574 A.2d 876, 878 (Me.1990), that "[t]he canon of construction articulated by section 302 applies only to the question whether retroactive effect will be given to a legislative change in substantive matters; any amendment, repeal, or other change in procedural or remedial law presumptively applies to pending proceedings without any occasion to apply the section 302 canon." Not only is that statement contrary to the plain meaning of the quoted portion of section 302, it is unsupported by the cases cited in *Schlear* for two reasons. First, the cases cited deal with the application of a legislative change that would affect a "cause of action" that accrued prior to the effective date of the change, and not to proceedings pending on the effective date of the legislative change. *See, e.g., Michaud v. Northern Maine Medical Center*, 436 A.2d 398, 400 (Me.1981) (citing, *inter alia, Batchelder v. Tweedie*, 294 A.2d 443 (Me.1972)). Second, the line of authority traces to a series of cases involving the Public Utilities Commission. We had decided in *Inhabitants of Webster v. County Commissioners*, 63 Me. 27 (1874), however, that the predecessor of section 302 did not apply to PUC proceedings because the statute then referred only to "actions," which we interpreted as meaning "actions in court." Thereafter, following our decision in *Dickinson v. Maine Public Service Co.*, 223 A.2d 435 (Me.1966), wherein we applied our interpretation in *Webster*, the Legislature amended section 302 by adding the words "and proceedings" after the word "Actions." P.L.1967, ch. 10. Consequently, some of our decisions have failed to properly interpret the amended section 302. Instead, we have focused on the distinction between procedural and substantive changes, applying for the purpose of statutory construction a presumption that the former applied to pending proceedings but not the latter. *See Moore v. Moore*, 586 A.2d 1235, 1236–37 (Me.1991) (applying presumption that substantive change not applicable to pending motion for change in child support, instead of applying section 302); *Commissioner of Dept. of Human Servs. v. Massey*, 537 A.2d 1158, 1159 n. 4 (Me. 1988) (refusing to apply section 302 because neither party briefed or argued the issue); *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056, 1060 n. 5 (Me.1986) (applying procedural change to pending workers' compensation petition without reference to section 302); *Sutherland v. Pepsi–Cola Bottling Co.*, 402 A.2d 50, 52 (Me.1979) (same); *Diamond Int'l Corp. v. Philip L. Gadbois & Sons, Inc.*, 390 A.2d 1061, 1064 (Me.1978) (dictum that change in mechanics' lien law applies to pending actions, relying on cases decided before the original enactment of section 302 in 1870). The language quoted from *Schlear*, by again focusing on the procedural-substantive distinction, inaccurately states the correct interpretation of the amended language of section 302. Thus we conclude that the plain meaning of section 302 precludes the application of the 1987 amendment to the DeMellos' pending claim, and we affirm the judgment for reasons other than those applied by the trial court.

The entry is:

Judgment affirmed.

All concurring.