**Sharon DANFORTH**

v.

**L.L. BEAN, INC. and Liberty Mutual Insurance Co.**

Supreme Judicial Court of Maine.

Argued March 16, 1993.

Decided May 17, 1993.

Henri A. Benoit, II (orally), Bornstein & Hovermale, Portland, for plaintiff.

Michael Richards (orally), Richardson & Troubh, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Sharon Danforth appeals from a decision of the Appellate Division of the Workers' Compensation Commission affirming the Commission's denial of her petition for an award of compensation on the ground that it was barred by the statute of limitations. She contends that the Commission erred in holding that the 1983 amendment to section 95 of the Workers' Compensation Act, 39 M.R.S.A. § 95 (Supp.1992), did not apply to her claim. We agree. Accordingly, we vacate the decision of the Appellate Division.

During the summer of 1983 Sharon Danforth, an employee of L.L. Bean, Inc., began experiencing severe pain in her right leg. On September 2, 1983, a doctor, recommended by her supervisor, diagnosed her as suffering from a herniated disc and advised her that her injury was related to her employment. Although she did not return to work for four months, Danforth waited until March 23, 1989, to file a petition for an award of compensation. The Commission denied her petition on the ground that it was barred by the two-year statute of limitations contained in section 95 of the Act as it existed on the date of her injury. The Appellate Division affirmed by an evenly divided panel, and we granted Danforth's petition for appellate review.

The 1983 amendment of section 95, which took effect three weeks after Danforth's injury, changed the time from which the two-year statute of limitations begins to run from the date of the employee's injury to the date the employer files a first report pursuant to section 106 of the Act.

Any employee's claim for compensation under the Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. *The 2-year period in which an employee may file his claim does not begin to run until his employer, if he has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act....*

P.L.1983, ch. 46 (effective September 23, 1983) (emphasis added to identify amendment). Because the 1983 amendment took effect within two years of her injury, Danforth's claim had not been extinguished under the prior statutory period. In the absence of a legislative statement to the contrary, we presume such a procedural change was intended to apply to existing claims. *See Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me.1980). Therefore, the Commission erred in holding that the 1983 amendment of section 95 did not apply to Danforth's then viable claim.

The entry is:

Decision of the Appellate Division vacated. Case remanded to the Appellate Division with instructions to remand to the Commission for further proceedings consistent with the opinion herein.

It is ordered that the employer pay to the employee $750 for her attorney fees plus her reasonable out-of-pocket expenses for this appeal.

All concurring.