Linwood L. SINCLAIR et al.

v.

Rita M. SINCLAIR.

Supreme Judicial Court of Maine.

Argued June 24, 1994.

Decided Feb. 10, 1995.

Lara M. Nomani (orally), Perkins, Townsend, Shay & Brown, P.A., Skowhegan, for plaintiffs.

Brett D. Baber (orally), Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Linwood L. and Edith M. Sinclair appeal from a summary judgment entered in the District Court (Newport, *Hjelm, J.*) in favor of Rita M. Sinclair. The court determined that foreclosure proceedings against her were ineffective because the Sinclairs failed to comply with the notice requirement of 14 M.R.S.A. § 6111 (Supp.1993). The Sinclairs contend that the court erred in concluding (1) that the Legislature intended section 6111 to apply to mortgages executed before its effective date and (2) that such an application of the statute did not result in an unconstitutional impairment of their contract. We reject the Sinclairs' contentions and affirm the judgment.

I.

In February 1982 Gary Sinclair and his wife, Rita, purchased real estate in Corinna from Gary's parents, Linwood and Edith Sinclair. Gary and Rita executed a promissory note secured by a mortgage of the real estate. The note required Gary and Rita to pay the Sinclairs $25,000 in 180 monthly installments of $224.71. Each payment was due on or before the 15th day of each month. In the event of a default, Gary and Rita could "ma[k]e good prior to the due date of the next installment." Otherwise, the entire principal sum and accrued interest were immediately payable without notice, at the Sinclairs' option.

Gary and Rita were divorced in February 1990. In the divorce judgment the court awarded Rita exclusive possession of the property until the couple's daughter Joy reached the age of eighteen. The court ordered Rita to assume the mortgage during her period of exclusive occupancy of the home. In March 1991 the Sinclairs, through their attorney, notified Rita that further late payments would place her at risk of foreclosure. Nonetheless, on September 15, 1992, she first *attempted* to deliver the payment that was due on August 15, 1992. The parties dispute whether the payment was finally tendered on September 18 or September 21, 1992.

The Sinclairs instituted foreclosure proceedings. Rita responded that, *inter alia*, the Sinclairs had failed to give sufficient notice of her right to cure the default as required by 14 M.R.S.A. § 6111. Both the Sinclairs and Rita moved for a summary judgment.

After a hearing, the court determined there were no genuine issues of material fact as to either the breach of the condition of timely payment or the Sinclairs' failure to comply with the notice requirements of section 6111. The court concluded that because the statute "evinced no exceptions to its application" it applied to the Sinclair mortgage, despite the fact that the mortgage was executed prior to the statute's effective date. The court further stated its belief that the contract clause analysis set forth in *Portland Sav. Bank v. Landry*, 372 A.2d 573 (Me. 1977), was no longer valid. It reasoned that pursuant to the framework set forth in *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 103 S.Ct. 697, 74 L.Ed.2d 569 (1978), the application of section 6111 to the Sinclair mortgage did not result in an unconstitutional impairment of the contract. Following the court's decision, the Sinclairs filed a timely notice of appeal directly to the Law Court pursuant to 14 M.R.S.A. § 1901 (Supp.1993).

## II.

One of the more perplexing problems encountered in interpreting legislation is the temporal application of new or amended statutes. We have recently clarified the impact of 1 M.R.S.A. § 302 (1989) when a proceeding is pending on the effective date of new legislation. *See Riley v. Bath Iron Works Corp.*, 639 A.2d 626 (Me.1994); *Tompkins v. Wade & Searway Constr. Corp.*, 612 A.2d 874 (Me.1992); *DeMello v. Department of Envtl. Protection*, 611 A.2d 985 (Me.1992).

We have sometimes applied a presumption that procedural or remedial enactments are presumed to apply retroactively and that statutes affecting substantive rights are presumed to apply only prospectively. *See Riley*, 639 A.2d at 628. As some courts and commentators have recognized, however, labels such as retroactive, prospective, substantive, and procedural are subject to manipulation. *See Rhodes v. Eckelman*, 302 Or. 245, 728 P.2d 527, 529 (1986) ("as is usual with labels, we find them less than dispositive"); *Whipple v. Howser*, 291 Or. 475, 632 P.2d 782, 790 (1981) (all statutes operate prospectively by prescribing legal consequences after enactment, and retroactively by affecting a state of affairs formed to some extent by past events) (*Linde, J.*, concurring); 2 Sutherland, *Statutes and Statutory Construction* § 41.01, at 337 (Norman J. Singer ed., 5th ed. 1992) (concepts of prospective and retrospective not subject to clear characterization); Julian N. Eule, *Temporal Limits on the Legislative Mandate: Entrenchment and Retroactivity*, 1987 Am. B.Found.Res.J. 379, 436 (definition of retroactivity has proved elusive). Our own struggle with these concepts has not always resulted in clearly defined pathways. *See, e.g.*, *Riley*, 639 A.2d 626; *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231 (Me.1993); *Schlear v. Fiber Materials, Inc.*, 574 A.2d 876 (Me. 1990); *Commissioner, Dep't of Human Servs. v. Massey*, 537 A.2d 1158 (Me.1988); *Atlantic Oceanic Kampgrounds, Inc. v. Camden Nat'l Bank*, 473 A.2d 884 (Me.1984); *Michaud v. Northern Maine Medical Ctr.*, 436 A.2d 398 (Me.1981).

The issue before us today is a prime example of the limitations of an analysis that relies on the elusive distinction between substance and procedure. We could declare that section 6111 affects the substantive rights of the mortgagee of a preexisting mortgage and

presumptively will not apply to a preexisting mortgage. On the other hand, we could declare that section 6111 affects only the procedural mechanism of a foreclosure action commenced after its effective date and presumptively will apply to that action. Applying a label foretells the result but does not materially contribute to a principled decision.

■ As in *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056 (Me.1986), and *Adams v. Buffalo Forge Co.*, 443 A.2d 932 (Me.1982), an examination of legislative purpose helps to resolve the issue. The limitation of section 6111 to private residential mortgages suggests that its purpose is to protect homeowners from noncommercial lenders that are not otherwise subject to regulation. At the same time, the Legislature must have recognized that a limitation of the section's application to future mortgages would leave some homeowners unprotected for nearly 30 years. That limitation would frustrate the legislative purpose. We conclude therefore that the Legislature intended section 6111 to apply to mortgages executed prior to the effective date of the statute.

## III.

■ Our interpretation of legislative purpose results in a prospective operation by prescribing the method of judicial foreclosure initiated after its effective date. Our decision will also have a retroactive effect on mortgagor/mortgagee contractual relationships that antedate the effective date of the statute. That is not an unusual result. *See, e.g., American Republic Ins. Co. v. Superintendent of Ins.*, 647 A.2d 1195 (Me.1994); *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056; *Adams v. Buffalo Forge Co.*, 443 A.2d 932. The retroactive aspect of the statute nonetheless requires us to examine whether the impact on contractual rights is unconstitutional. The statute exceeds constitutional limitations if its effect on contractual rights is both substantial and unwarranted by legitimate state interests. *See Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. at 411, 103 S.Ct. at 704; *American Republic Ins. Co.*, 647 A.2d at 1197.

■ We conclude that both parts of the constitutional inquiry can be answered in the negative. The notice requirement introduced a minimum delay in the process of protecting the mortgagees' interest. We do not necessarily agree with the mortgagees' argument that the notice requirement adds at least an additional 30–day period beyond the grace period contained in the note. Even if the mortgagees are correct, however, or even in instances where no grace period is provided, neither the delay nor the procedure required by the statute constitutes a substantial impairment of the mortgagees' rights.

Although noncommercial mortgage activity *per se* has not been highly regulated, the process by which mortgages are foreclosed has been the subject of regulation since Maine became a state. *See* R.S. ch. 39 (1821). Moreover, the purpose of the statute is to prevent the unnecessary loss of a mortgagor's home. That is a significant and legitimate public purpose. Moreover, the adjustment of the rights of the parties is reasonable and of a character appropriate to the public purpose. *See Energy Reserves Group, Inc.*, 459 U.S. at 412, 103 S.Ct. at 705; *American Republic Ins. Co.*, 647 A.2d at 1197. Contrary to Rita's contention, our decision today does not require that we overrule *Portland Savings Bank*. Both the extent of impairment of the mortgagor's rights and the nature of the public purpose considered therein differed from those factors we address in the present case. *See Portland Sav. Bank*, 372 A.2d at 577–78.

The entry is:

Judgment affirmed.

WATHEN, C.J., and GLASSMAN, and CLIFFORD, JJ., concurring.

CLIFFORD, Justice, with whom WATHEN, Chief Justice, joins, concurring.

I agree that the notice requirement of 14 M.R.S.A. § 6111 (Supp.1994) applies to the mortgage in this case and that we should affirm the Superior Court. That conclusion can be reached, as the court did, by discernment of legislative intent. The same result is reached by a recognition that applying sec-

tion 6111 does not constitute a retroactive application of the statute.

Statutes are not to be given retroactive effect unless the intent to do so is clearly expressed. *Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416 (1936). Legislation has a retroactive effect only if it changes the legal consequences of events occurring before the statute's effective date. *Norton v. C.P. Blouin, Inc.*, 511 A.2d 1056, 1060 n. 5 (Me. 1986); *Michaud v. Northern Me. Medical Ctr.*, 436 A.2d 398, 400 (Me.1981); *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me.1980).

Section 6111 is a notice statute and deals with the procedural steps that have to be taken to effect a foreclosure following a default. It became effective on June 30, 1992, two and one-half months before the mortgage default, and seven months before the Sinclairs instituted foreclosure proceedings. Applying section 6111 to this case does not "determine[ ] the legal significance of operative events occurring prior to its effective date." Accordingly, its application to the mortgage violates no statutory rule of construction.

LIPEZ, Justice, with whom DANA, Justice, joins, dissenting.

The discussion of the Court regarding the limited value of the procedural/substantive distinction in deciding whether legislation applies retroactively or prospectively is helpful and important. Regrettably, however, I must dissent because I believe that the Court has ignored a fundamental rule of statutory construction.

In a contract case such as this, the inquiry about the applicability of a statute should be limited to three questions: 1) whether the statute was enacted before or after the contract was executed; 2) if after, whether the Legislature intended that the statute apply retroactively; and 3) if it so intended, whether the statute works an unconstitutional impairment of contract. The substantive/procedural (or remedial) analysis should not be used in a contract case to determine whether a statute applies retroactively or prospectively.[1]

It is a fundamental rule of statutory construction, however, that "all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied in the language used." *Miller v. Fallon*, 134 Me. 145, 148, 183 A. 416, 417 (1936). The Legislature must express that intent in "strong, clear and imperative language." *Terry v. St. Regis Paper*, 459 A.2d 1106, 1109 (Me.1983) (citation omitted). The court will imply a retroactive intent only if the statute "would be inoperative other than retrospectively." *Id.* (citation omitted).

---

**1.** A number of decisions involving contracts have resolved the question of a statute's temporal application without raising this substantive/procedural dichotomy. *See Hubert v. National Casualty Co.*, 144 A.2d 119, 121 (Me.1958) (determining that a statute controlling the statute of limitations provision in insurance contracts was not retroactive); *Atlantic Oceanic Kampgrounds, Inc. v. Camden Nat'l Bank*, 473 A.2d 884, 891 (Me. 1984) (where statute was enacted after contract was formed, but before cause of action accrued, noting only the general presumption in favor of prospective application of the statutes) (*Glassman, J., concurring*); *see also United States v. Belanger*, 598 F.Supp. 598, 604–05 (D.Me.1984) (finding legislative intent to apply statute retroactively when statute was enacted after contract was formed, but before cause of action accrued); *N.A. Burkitt, Inc. v. J.I. Case Co.*, 597 F.Supp. 1086, 1088 (D.Me.1984) (same). *But see Langley v. Home Indem. Co.*, 272 A.2d 740, 744–47 (Me. 1971) (rejecting plaintiff's assertion that because amendment to uninsured motorist coverage law was remedial in nature, it must be applied retroactively to his policy, on basis that retroactive application in fact would have altered parties contractual rights and obligations, and finding absence of legislative intent to apply statute retroactively). If both the constitutional issue of impairment of contract and the statutory applicability issue involved the same substantive/procedural analysis, the constitutional impairment issue would never be reached when the statute was deemed substantive, given the presumption that statutes affecting substantive rights apply only prospectively. Such prospective application never raises a contract impairment issue. The substantive/procedural (or remedial) distinction, despite its elusiveness, at least remains relevant to the constitutional issue of impairment of contracts. The Court has held that while the Legislature may properly modify remedies available to parties, it may not constitutionally affect the substantive obligations of the parties. *Portland Savings Bank v. Landry*, 372 A.2d 573, 577–78 (Me. 1977).

Putting the matter colloquially, this rule of construction reflects the reluctance of the law to change the rules in the middle of the game. Putting the matter constitutionally, this rule of construction reflects the constitutional values embodied in the impairment of contract clause, which recognizes the importance of honoring the settled expectations of the parties based upon the law existing at the time of contract formation. The Legislature did not clearly state its intent to apply section 6111 to contracts executed before the effective date of the statute, either on the face of the statute[2] or in other sections of the public law or in the legislative history. All are silent as to retroactivity.

Presented with this silence, the Court concludes that the "limitation of section 6111 to private residential mortgages suggests that its purpose is to protect homeowners from noncommercial lenders that are not otherwise subject to regulation, and that "the Legislature must have recognized that a limitation of the section's application to future mortgages would leave some homeowners unprotected for nearly 30 years." Suggested purposes and imputed recognitions are not the clear expressions of legislative intent required by the rule of statutory construction that bases retroactive application of a statute on clear expressions of legislative intent. Moreover, section 6111 does not become inoperative if it is only applied prospectively. To the contrary, the statute achieves the protective purpose cited by the Court for future mortgagors without frustrating the expectations of mortgagees who entered into contracts prior to the effective date of the act.[3]

The Legislature is capable of making clear its intent that a statute be applied retroactively. See, e.g., P.L.1994, ch. 553, § 8 ("Sections 3, 4, and 5 of this Act apply retroactively to January 1, 1994."); P.L.1994, ch. 580,

§ 3 ("This Act applies retroactively to June 30, 1993."); 33 M.R.S.A. § 479–A(2) (1988) ("This subchapter applies to any conservation easement created before the effective date of this subchapter . . . unless retroactive application contravenes the Constitution of Maine or the United States Constitution."); 33 M.R.S.A. § 126(2) (Supp.1993) ("This chapter applies to any affordable housing covenant created before the effective date of this chapter . . . unless retroactive application contravenes the Constitution of Maine or the United States Constitution.").

The Maine Legislative Drafting Manual, *inter alia*, addresses the issue of retroactivity and warns that "[a] bill that has a retroactive application should be drafted with caution. Courts generally will not give a law retroactive application unless the intent of the Legislature to make it retroactive is clear and unambiguous." Legislative Council, Maine Legislative Drafting Manual, at Pt. II, p. 14 (1st ed. 1990). The manual provides the following example of a clear and unambiguous statement of intent: "Sec. 10. Retroactivity. This Act applies retroactively to January 1, 1980." *Id.* Although the retroactive intent does not always have to be stated so explicitly, it must always be expressed clearly. There is no such clear expression in section 6111.

I would vacate the judgment.

---

**2.** The trial court's conclusion that section 6111 applies retroactively because the statute "evinced no exceptions to its application" reverses the applicable rule of statutory construction by basing retroactive application on the absence of language that qualifies temporally language of general applicability. Such language of general applicability, commonplace in statutes, results in prospective application unless the contrary intent is clearly stated.

**3.** "It is well settled that the law in effect at the time of the execution of the contract becomes part of that contract." *Portland Sav. Bank v. Landry*, 372 A.2d 573, 575. There does not have to be proof that the party invoking the existing law specifically relied upon it.