STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                     Docket No. CV-00-61

Gary Roberts,                    )
          Plaintiff,             )
                                 )
                                 )
                                 )
          v.                     )        **ORDER**
                                 )
                                 )
                                 )
Lynn Bolduc et al.,              )
          Defendants             )

FILED AND ENTERED
SUPERIOR COURT

DEC 27 2001

PENOBSCOT COUNTY

The plaintiff has filed a motion for new trial or for an additur, based on his contention that the jury's damage award is inadequate.

The motion is denied. The purpose of a post-trial adjustment of damages, such as an additur or remittitur, is to bring the jury's award into the range of lawful damages and the bounds of rationality. *See Nyzio v. Vaillancourt*, 382 A.2d 856, 861 (Me. 856) (remittitur). The assessment of damages is within the sole province of the fact finder, and a damage award will be disturbed only "if there is not competent evidence in the record supporting [it.]" *Down East Energy Corp. v. RMR, Inc.*, 1997 ME 148, ¶7, 697 A.2d 417, 420. Here, despite the plaintiff's argument that the jury's determination of non-pecuniary damages was low, the court cannot say that it is so low as to be unlawful.[1]

The court will issue a judgment after counsel has the opportunity to be heard on the effect, if any, of the plaintiff's settlement with defendant David Crane.

The entry will be:

---

[1] The plaintiff's argument rests on the jury's finding that, of the total amount of damages it awarded to the plaintiff, the defendant is liable for nearly $10,000 in medical expenses. One could argue with equal force, however, that the jury's award of the medical expenses was too high in comparison to the total award of damages.

1

For the foregoing reasons, the plaintiff's motion for new trial and additur is denied.

Dated:   December 27, 2001

_____
JUSTICE, SUPERIOR COURT

STATE OF MAINE  
PENOBSCOT, SS.

SUPERIOR COURT  
Docket No. CV-00-61  
JLH - PEN- 1/22/2002

Gary Roberts,  
      Plaintiff

v.

Lynn Bolduc,  
      Defendant

)  
)  
)  
)  
)  
)  
)  
)  
)  
)

**ORDER**

FILED AND ENTERED  
SUPERIOR COURT

JAN 22 2002

PENOBSCOT COUNTY

The plaintiff's motion to reconsider is denied.

In the January 8, 2002, order, the court invited the parties to file submissions regarding the effect of the defendant's offer of judgment under M.R.Civ.P. 68. Neither party filed any argument or material. Thus, as best it can, the court has attempted to reconstruct the status of the case as of the date the defendant filed its offer of judgment, in order to determine the amount of costs to which the plaintiff is entitled.

The defendant filed her offer of judgment on October 16, 2001. The amount of the offer was $15,000 "inclusive of interest, costs and advances (if any) incurred to date." Thus, it must be determined how much pre-judgment interest had accrued as of October 16, 2001, and what the plaintiff's allowable costs were as of that date.[1]

The judgment against Bolduc is $12,500. The current pre-judgment

---

[1] Nothing in the record suggests that the defendant advanced any money to the plaintiff. Thus, as Bolduc framed her offer of judgment, the court looks only at interest and costs accrued as of October 16, 2001.

1

interest rate is 3.24%.[2] This is equivalent to $1.11 per day. The plaintiff served Bolduc with a notice of claim on March 5, 1998. Between that date and October 16, 2001, 1,316 days elapsed (3 years (equivalent to 1,095 days), 7 months (equivalent to 210 days) and 11 days). This represents $1,460.76 in pre-judgment interest up to that date.

As of October 16, 2001, the plaintiff had incurred allowable costs of $678.24. This includes the filing fee of $120, service costs of $21.49 and deposition transcript expenses totalling $536.75.[3]

---

[2]In his bill of costs, the plaintiff includes the amount of pre-judgment interest he claims here. Pre-judgment interest, however, is not a cost of court.

Further, he claims pre-judgment interest at the annual rate of 8%. This is based 14 M.R.S.A. § 1602(1)(A), which purports to apply to "actions in which the damages claimed or awarded do not exceed the jurisdictional limit of the District Court set forth in" 4 M.R.S.A. § 152(2). In all other cases, the rate of pre-judgment interest is based on a formula which, as of today, yields a rate of 3.24%. 14 M.R.S.A. § 1602(1)(B).

Prior to March 15, 2001, 4 M.R.S.A. § 152(2) estabalished a $30,000 monetary limitation on the District Court's jurisdiction in civil actions for money damages Effective March 15, 2001, section 152(2) was amended to eliminate any monetary limitation. Therefore, section 1602(1)(A) is obsolete because it rests on a statute that no longer exists. It was never the Legislature's intention to allow 8% pre-judgment interest in all cases. Thus, it cannot be argued that the absence of any jurisdictional limit for District Court money damages cases means that all judgments now generate 8% pre-judgment interest. Rather, the court treats the amendment to section 152(2) to mean that pre-judgment interest in all money judgment cases is to be determined pursuant to section 1602(1)(B).

Further, because "interest on a judgment is ordinarily computed in accordance with the statute in effect at the time of its rendition," *Batchelder v. Tweedie*, 294 A.2d 443, 445 (Me. 1972), the determination of pre-judgment interest in the case at bar is computed pursuant to the current formulation of section 1602 rather than in accordance with the way it would have applied when this action was commenced (that it, prior to the date when the amendment to section 152(2) became effective).

[3]The plaintiff has not submitted any receipts except for a document relating to Dr. Bradford's bill. Plaintiff's counsel's itemized statement, however, indicates that the four charges for the transcripts were incurred prior to October 16, 2001.

Several of the expenses included in the plaintiff's bill of costs cannot be allowed under statute. These include the costs for investigation, for expenses of photocopies, postage and telephone calls, and for medical records and reports (because, under 14 M.R.S.A. § 1502-C(2), such expenses are allowed only if the records and reports "are prepared for the purpose of litigation;" the plaintiff's submission do not make that showing). Further, the court would not view Dr. Bradford's charge of $3,000 for two hours of testimony as "reasonable" within the meaning of 14 M.R.S.A. § 1502-C(1) and 16 M.R.S.A. § 251. Thus, if the plaintiff had been entitled to recover

Therefore, as of October 16, 2001, the interest on the judgment and allowable costs amounted to $2,139. When combined with the judgment itself ($12,500), the amount of the offer of judgment was adequate to trigger the provisions of M.R.Civ.P. 68, and the defendant therefore is not liable for costs incurred after October 16, 2001.

The entry will be:

The plaintiff's motion to reconsider is denied.

The plaintiff is awarded costs of $678.24

Dated:   January 21, 2002

_____
JUSTICE, SUPERIOR COURT

---

costs associated with Dr. Bradford's testimony, the allowable costs would have been only a portion of the amount billed.

3