1999 ME 190

**Frances MONROE**

v.

**TOWN OF GRAY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 30, 1999.

Decided Dec. 17, 1999.

Frances Monroe, Gray, for plaintiff.

Natalie L. Burns, William H. Dale, Jensen Baird Garner & Henry, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Frances Monroe appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) denying her Rule 80B appeal and declaring that the Gray Town Council had authority to sanction town councilors. Because we determine that the action is moot, we dismiss the appeal.

[¶ 2] The relevant facts may be summarized as follows: The Gray Town Council reprimanded Frances Monroe, one of its town councilors, for violating the terms of the Town Charter. The reprimand instructed her to deal with administrative staff exclusively through the Town Manager; to cease and desist from attempting to control or direct the work of the town staff directly; and to cease and desist from entering into town staff, non-public work places.

[¶ 3] On April 16, 1998, Monroe filed a complaint in the Superior Court seeking judicial review of the Town Council's action pursuant to Rule 80B and a declaratory judgment that the Town did not have authority to impose sanctions on a councilor. On March 17, 1999, the court entered judgment denying the 80B appeal and declaring that the Town Council had authority to impose sanctions on a councilor. Monroe filed a timely notice of appeal on April 14, 1999. Monroe did not seek reelection to the Town Council and her term expired on June 15, 1999.

[¶ 4] We review cases that present a justiciable controversy. *See Lewiston Daily Sun v. School Admin. Dist. No. 43*, 1999 ME 143 ¶ 12, 738 A.2d 1239, 1242. Moot issues are not justiciable. *See id.* ¶ 13. We review mootness by examining the record to determine " 'whether there remain sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources.' " *Id.* ¶ 14 (citations omitted). Monroe is no longer a member of the Town Council. Even if we determined that the Council lacked authority to reprimand her or otherwise erred in reprimanding her, its decision no longer has any practical effect. Therefore, the issue is moot. *See Graffam v. Wray*, 437 A.2d 627, 631 (Me.1981) (holding as moot an appeal of a permanent injunction enjoining the church treasurer from withdrawing church funds because no controversy remained, as he was no longer the church treasurer at the time of the appeal).

[¶ 5] Even when a case is technically moot, however, we will reach the merits if any of the following three recognized exceptions exist:

(1) sufficient collateral consequences will result from the determination of the

questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and the public, [the Court] may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*Halfway House, Inc. v. City of Portland,* 670 A.2d 1377, 1380 (Me.1996) (citations omitted).

[¶ 6] Monroe has failed to demonstrate sufficient collateral consequences, that is, that the decision will have "more than 'conjectural and insubstantial consequences'" in the future. *See Sordyl v. Sordyl,* 1997 ME 87, ¶ 6, 692 A.2d 1386, 1387 (citation omitted). Nor has she demonstrated a question of great public concern. *See King Resources Co. v. Environmental Improvement Comm'n,* 270 A.2d 863, 870 (Me.1970). She has also failed to demonstrate that there is a "reasonable likelihood that the same issues will imminently and repeatedly recur in future similar contexts with serious impact upon important generalized public interests." *Maine Civil Liberties Union v. City of South Portland,* 1999 ME 121, ¶ 10, 734 A.2d 191, 195 (citation omitted). No reasonable likelihood exists that the same controversy will recur between her and the Town, that is, she will again be a town councilor and that she will again be reprimanded by the council near the end of a three-year term so that she has insufficient time to appeal before her term expires. This appeal is moot.

The entry is:

Appeal dismissed.