2002 ME 17

**In re Ebony P.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 15, 2001.

Decided: Jan. 31, 2002.

Frank H. Bishop, Sr., Stevens, Engels & Bishop, Presque Isle, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. General, Michael G. Keefe, Asst. Atty. General, Augusta, for appellee.

James M. Dunleavey, Esq., Presque Isle, Guardian ad Litem.

Francis Bernis, Esq., Presque Isle, for mother.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] The father of Ebony P. appeals from a judgment of the District Court (Presque Isle, *Griffiths, J.*) denying his motion for relief from two orders providing, *inter alia,* that he have no contact with his child. He contends that the two orders were void because he did not receive notice of the hearings that resulted in those orders. The Department of Human Services contends that the appeal should be dismissed as moot and we agree.

[¶ 2] In 1997 the court found Ebony to be in immediate risk of serious harm and ordered that she be removed from the custody of her parents and placed in DHS custody. The court appointed counsel for the father. After a hearing, the court found that Ebony was in circumstances of jeopardy primarily from the father, and placed the child in her mother's custody,

with supervision by the DHS. After a second hearing in 1998 the court found and the parties agreed that Ebony was still in need of a child protective order and ordered the father to have no contact with Ebony and to pay forty-five dollars per week in child support.

[¶ 3] The court sent the father's attorney notice of a judicial review scheduled for February 1999, with a case management conference set for late January. Neither the father nor his attorney appeared at the case management conference. In early February, the father's attorney moved to withdraw, stating that the father told him "a number of months ago" that he no longer wished to have an attorney, and the attorney had had no contact with the father after that statement. The court granted the motion.

[¶ 4] Following the February judicial review hearing, which neither the father nor any attorney on his behalf attended, the court ordered in March that the father have no contact with Ebony and that he pay forty-five dollars per week in child support; the mother was to retain custody. The court stated in that order that "[a]ll parties were duly and seasonably notified of the pendency of the proceeding," but the order, which included notice of the next judicial review hearing, was not served on the father or a legal representative on his behalf. Another judicial review hearing took place in July; the father did not attend. The court entered an order that month that was identical to the March order as to the father, but placed Ebony in a therapeutic foster home. Again, the court stated that "[a]ll parties were duly and seasonably notified of the pendency of the proceeding," but again the recitation

was inaccurate because neither the father nor his representative was served.

[¶ 5] In November, the court issued a continuance of the next hearing, but did not provide notice to the father or an attorney representing him. The case status report from the hearing, which took place in December, indicates that neither the father nor an attorney appeared for him. In late December, the father addressed a letter to the court requesting that the court reschedule a January 2000 hearing so his new attorney could attend. In January, the court issued a judicial review order again prohibiting any contact between the father and Ebony and ordering the father to pay forty-five dollars a week in child support. Following a June hearing at which both the father and his attorney were present, the court ordered, *inter alia,* that the father "shall have visits with Ebony as deemed appropriate by DHS," and that the amount of child support remain the same. In February 2001, the court issued another order following judicial review that made long term foster care the permanency plan for Ebony.

[¶ 6] In March 2001, the father filed a motion for relief from the two 1999 orders pursuant to M.R. Civ. P. 60(b) on the ground that the orders are void because he had not received notice of the hearings that preceded them. The court denied the father's motion and the father appeals from that decision.[1]

[¶ 7] The State contends that subsequent orders supersede the 1999 orders and render this appeal of the motion for relief from judgment moot. The father contends that because of the 1999 orders, the court did not permit him to challenge the deci-

---

1. 1. DHS moved to dismiss the appeal on the ground that the appeal really challenges the 1999 orders for which the appeal period has expired and which are not final judgments subject to review. Because we dismiss the appeal as moot, we do not address this ground for dismissal.

sion to place Ebony in foster care in subsequent proceedings.

■ [¶ 8] An appeal is moot if our decision "would not provide . . . any effective relief." *Gordan v. Cummings*, 2000 ME 68, ¶ 11, 756 A.2d 942, 945. We must examine the record to determine "whether there remain sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources." *Monroe v. Town of Gray*, 1999 ME 190, ¶ 4, 743 A.2d 1257, 1258 (internal quotation marks omitted). In the child protective context, we have stated that a challenge to a judgment or order is moot if the judgment or order automatically expired because the same issue was adjudicated in a subsequent proceeding in the case. *In re Misty B.*, 2000 ME 67, ¶ 7, 749 A.2d 754, 756.

■ [¶ 9] Because we lack transcripts of any of the proceedings below, the record cannot support the father's contention that at the 2000 and 2001 judicial review hearings, he was not allowed to challenge the decision to place Ebony in foster care in 1999. The father did not appeal from, nor did he move for relief from the orders entered in 2000 and 2001. These orders superseded and replaced the 1999 orders that the father contends are void. We cannot, therefore, provide any effective relief to the father even if his contentions have merit. We dismiss this appeal as moot.

The entry is:

Appeal dismissed.