STATE OF MAINE                                      SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                      DOCKET NO. CV-02-162

                                               PAF  -YCR  5/29/2003

KITTERY RETAIL VENTURES, LLC.,
et als.,

                    Plaintiffs

                                               ORDER        DONALD L. GARBRECHT
        v.                                      AND              LAW LIBRARY
                                              DECISION
                                                               JUN 2 2003
TOWN OF KITTERY,

                    Defendant

        This case tests when persistence will be rewarded versus when it is too late to

change the rules.

        A plaintiff, Kittery Retail Ventures, LLC., entered into an option agreement to

purchase land from the plaintiffs DDS Land Holdings, LLC. and Stephen Hynes. This

Kittery real estate was in the Mixed Use District as defined by the Kittery Land Use

Ordinance. The developers proposed a 250,000 more or less square foot retail outlet

mall on the property site along with the relocation of a nursing home and mobile home

park. When the development was first proposed in 1999 it was permitted under the

then existing provisions for the Mixed Use District.

        As the proposal slowly worked its way through the review process before the

Kittery Planning Board opposition from the general public grew. Requests to amend

the zoning requirements to only permit less intensive uses in the District were

presented to the Town Council and failed. Having no success before the Town Council,

the legislative body for the Town of Kittery, the opponents of this project and a similar

project, decided to go directly to the voters through the Town's initiative and referendum process.

On June 13, 2000 the people of Kittery passed a referendum reducing the buildable area for retail in the district and eliminating a provision called "transfer of development rights." This referendum contained no retroactive language and pursuant to the Kittery Charter would not be effective for 30 days.

By the time of the effective date of the June 13, 2000 enactment the development proposal may have received "substantive review" as that term is used and defined in 1 M.R.S.A. §302 so as to be unaffected by the new ordinance. If the definition of "substantive review" contained in 1 M.R.S.A. §302 cannot be modified, in this case at a municipal level, then the opponents might be too late and the development would have to be reviewed based on the initial ordinance, which was more favorable to the developers. If "substantive review" could be defined in other ways then persistence might yet pay off.

On September 28, 2000 another election was held and an ordinance approved which purported to make the June 13, 2000 referendum retroactive to September 20, 1999. If that referendum is valid then "substantive review" as defined under 1 M.R.S.A. §302 would not have taken place prior to the referendum's effective date of September 20, 1999. Newer less favorable conditions would be placed on the developers causing them presumably to abandon the project as no longer financially feasible.

Eventually, after an earlier suit in this Court and remand, the Planning Board determined that the September 28, 2000 referendum was valid and that the developer's proposal would be governed by the more restrictive less appealing zoning requirements.

The plaintiffs have filed a two count complaint containing a request for review pursuant to Rule 80B, M.R.Civ.P. (Count I) and a declaratory judgment action (Count II). Count I has been briefed and argued in the normal fashion and Count II is ready for review upon the plaintiffs' motion for summary judgment with its briefs and arguments.

This case presents important issues of statutory interpretation, persistence and timing and fairness in changing government requirements. It also raises related issues, which will not be answered, regarding democracy, local control and business development.

The key statutory provision is 1 M.R.S.A. §302. While titles are not part of the statute itself, 1 M.R.S.A. §302 is telling entitled "Construction and effect of repealing and amending Acts." This statute reads in full as follows:

> The repeal of an Act, resolve or municipal ordinance passed after the 4th day of March, 1870 does not revive any statute or ordinance in force before the Act, resolve or ordinance took effect. The repeal or amendment of an Act or ordinance does not affect any punishment, penalty or forfeiture incurred before the repeal or amendment takes effect, or any action or proceeding pending at the time of the repeal or amendment, for an offense committed or for recovery of a penalty or forfeiture incurred under the Act or ordinance repealed or amended. Actions or proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing. For the purposes of this section and regardless of any other action taken by the reviewing authority, an application for a license or permit required by law as the time of its filing shall be considered to be a pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before. For the purposes of this section, a substantive review of an application for a license or permit required by law at the time of application shall consist of a review of that application to determine whether it complies with the review criteria and other applicable requirements of law.

In a case that received little notice in the zoning and land development arenas the Law Court in *Bank of Maine, N.A. v. Weisberger*, 477 A.2d 741, 6 (Me.

1984), in a case involving in part attorney's fees in foreclosures, referred to 1 M.R.S.A. §302 as "A standing rule of statutory construction."

In 1988 the Law Court decided a case that was noticed. In *City of Portland v. Fisherman's Wharf Associates, II*, 541 A.2d 160, 164 (Me. 1988) it concluded in the context of the enactment of a zoning provision with a retroactive feature, that ". . . section 302 does not expressly or impliedly prohibit municipalities from applying ordinances retroactively." Therefore an amended ordinance could reach back and defeat a project that had met all of the requirements that existed at the time it sought its permit and reverse the approval that had issued shortly before the referendum vote.

In a more recent Law Court case, *Smith v. Town of Pittston*, 2003 ME 46, ¶¶32-35 the Court affirmed that section 302 is a rule of statutory construction and that ordinances could be enacted with a retroactive provision.

The Town's decision to apply the amended ordinance retroactively while very difficult on developers is within its powers. Since 1 M.R.S.A. §302 is only a rule of statutory construction a town may use alternatives other than the standard default provisions found in Section 302. The section essentially means that unless a statute, ordinance or other law says otherwise then Section 302 will dictate how the transition to the new law will be accomplished. The Town has chosen to vary from the default provision of Section 302 in two ways. The first is that the September 28, 2000 referendum was retroactive. The second is that the Town defined "substantive review" as a review "which commences at the first public hearing for an application held by the planning board." Section 16.16.020 of the Kittery Zoning Ordinance. Thus the first ordinance of June 13, 2000 would have taken effect on July 14, 2000 before the public hearing of August 23, 2000.

4

Section 302 is only a rule of statutory construction. Absent language to the contrary "pending" proceedings are not affected by the passage of an ordinance. If "pending" proceedings can be affected by a retroactivity provision in a local ordinance I do not see why the definition of "pending" cannot be other than the one provided in Section 302. "Pending" is tied to "substantive review" and "substantive review" is defined as "a review of that application to determine whether it complies with the review criteria and other applicable requirements of law." Other definitions are permissible.

Since the Town is free to use other rules of statutory construction other than those found in 1 M.R.S.A. §302, judgment will enter for the defendant on Count I.

In Count II of its complaint the defendants have challenged the Town's action on multiple theories.

The Kittery Town Charter states that adopted non-emergency ordinances become effective 30 days after adoption or at any later date specified therein. Section 2.14(3) and 2.15. There is, however, no implied legislative prohibition and there is nothing in the Kittery Charter, which prohibits retroactive ordinances. *Fisherman's Wharf Associates, II*, at 164.

The plaintiffs' next claim that they acquired vested rights. While the developer spent a substantial sum in the proceedings before the Planning Board its project was never approved, permits were never granted and construction never began. Vested rights did not exist and were not interfered with. *Sahl v. Town of York*, 2000 ME 180, ¶12, 760 A.2d 266, 269. No bad faith exists, which might allow the vested rights doctrine to be invoked, when persistent local citizens consistently oppose large-scale retail developments and finally win.

Their opposition and tenacity were apparent. It is not the case where town officials at the very last minute find that they have a proposal that they do not like and no legal means to stop it and enact a desperate targeted measure to derail without warning a near to approval proposal.

The plaintiffs have additionally argued that the retroactive ordinance violates due process. The ordinance is permissible because it furthers legitimate legislative purposes of regulating development and it does so by a rational means.

Likewise the next claim based on equitable estoppel fails, as there can be no justifiable reliance on the opinions of a town planner or the silence of other town officials particularly in light of the ongoing opposition. As no other arguments of the plaintiffs are persuasive, judgment will enter for the defendant on Count II.

The actions of the Town of Kittery are legal despite initially appearing to be unfair. Whether they are wise is not the question before the Court. The entry is:

Judgment for the defendant on the complaint.

Dated:      May 29, 2003

Paul A. Fritzsche
Justice, Superior Court

Durward W. Parkinson, Esq. - PL Kittery Retail Ventures, LLC
U. Charles Remmel, Esq. - PL DSS Land Holdings, LLC
Sally A. Morris, Esq. - PL Stephen A. Hynes
Duncan A. McEachern, Esq. - DEF Town of Kittery
Sally Daggett, Esq. - DEF Town of Kittery