STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTIONS
DOCKET NOS.   AP-02-46
SAO-YDK-7/9/2003   AP-02-60
AP-02-74
AP-02-77
AP-03-08

FRED FITANIDES,

        Plaintiff

    v.

CITY OF SACO, et al.,

        Defendants

**JUDGMENT**

AUG 5 2003

This is a M.R.Civ.P., Rule 80B appeal from a decision of the Saco Zoning Board of Appeals authorizing Properties by the Sea to develop a multi-unit residential project on property located on Route 1 in Saco. Following hearing and review of the record, the appeal is Denied.

## Procedural History

Mr. Fitanides appeals from the approval of a multi-unit, residential project along the Route 1 Corridor in Saco, Maine. The current action consolidates five separate Rule 80B appeals. Mr. Fitanides filed separate Rule 80B actions from each decision of the Planning Board and or ZBA as this project moved through the permitting process. Mr. Fitanides contends that the Planning Board and the ZBA were in error procedurally in approving the development project and relied upon unconstitutional "applicability preambles" added to the Route 1 Corridor Zoning Amendments. Mr. Fitanides also seeks judicial review of the interpretation and application of Saco's Zoning Ordinances to certain aspects of the proposed development.

## Factual Background

Paul Deshaies is the principal of Properties by the Sea, L.L.C. (hereafter collectively Deshaies). In the fall of 2001, he began a series of meetings with city planning officials toward the goal of developing a ten-acre parcel on Route 1 into a multi-unit residential project. He prepared various survey, engineering and architectural plans for review by city officials, who indicated the project was generally in compliance with city ordinances. However, at the same time the city was undertaking a review of its comprehensive plan which resulted in proposed modifications to the zoning ordinance which would prohibit the proposed development. Faced with this dilemma, Mr. Deshaies proposed, and the city council approved after public hearing, an "applicability preamble". The effect of this local legislation was to "grandfather" the Deshaies development proposal from the revised ordinances.

Mr. Deshaies then proceeded to apply to the planning board for subdivision approval, site plan approval and conditional use permits. Mr. Fitanides appeared and contested the development plans at each stage. As various aspects of the project gained approval, Mr. Fitanides appealed the decisions both to the ZBA and the Superior Court pursuant to Rule 80B. The Superior Court actions were stayed pending final action at the local level.

As part of the local appeals procedure, Mr. Deshaies modified his plans to accommodate concerns raised both by Mr. Fitanides and the ZBA. After a series of local appeals and modifications to the plans, the ZBA granted the development final approval in January 2003. That approval, along with the consolidated cases, is now before this court.

## Standard of Appeal

In a Rule 80B action the burden of persuasion rests with the party seeking to overturn the local decision. The court reviews the local decision for error of law, abuse of discretion or findings not supported by substantial evidence in the record. The court may not substitute its judgments for that of the local board on issues of fact and accords them a measure of deference on interpretation of local ordinances. *Mack v. Municipal Officers of the Town of Cape Elizabeth*, 463 A.2d 717, 720 (Me. 1983).

## Discussion

Mr. Fitanides argues that as the plans were reviewed and modified during the local review/appeal process the various approvals were not based upon a single plan or design. He seems to argue that each time a Rule 80B appeal was filed, the plans were frozen and not subject to modification and a new application was required. However, the filing of a Rule 80B appeal does not stay an action at the local level. *Cobbosee Development Group v. Town of Winthrop*, 585 A.2d 190 (Me. 1991). Indeed, it is desirable to permit interested parties to resolve disputes through revisions at the local level rather than through piecemeal litigation.

Mr. Fitanides also argues that the "applicability preambles" approved by the city council were unconstitutional. Assuming, without deciding,[1] that Mr. Fitanides can challenge the city council's action in this Rule 80B appeal, nevertheless, the council's action was constitutionally within its power.

In essence, Mr. Fitanides argues that the "applicability preamble" violates 1 M.R.S.A. §302 because it permits the proposed development to be evaluated under the

---

[1] The Defendants argue that the city council's legislative decision to enact the "applicability preamble" was properly subject to a separate declaratory judgment action or an independent claim within this action, but not a straight Rule 80B appeal. *F.S. Plumber v. Cape Elizabeth*, 612 A.2d 856 (Me. 1992).

former zoning ordinance rather than the newly enacted ordinance even though it was not "pending" when the new ordinance took effect. However, 1 M.R.S.A. §302 is a rule of construction and not a rule of substantive law. *City of Portland v. Fisherman's Wharf Associates II*, 541 A.2d 160 (Me. 1988). The city council was authorized to enact the "applicability preamble" if it chose to do so.

Mr. Fitanides also argues that this amounted to special legislation and thus was invalid. However, the fact that a zoning amendment benefits a single property does not automatically render such an amendment illegal spot zoning. *Vella v. Town of Camden*, 677 A.2d 1051 (Me. 1996). The court reviews the city council's action to determine if the evidence before the council supported the determination that the re-zoning was in basic harmony with the comprehensive plan. *LaBonte v. City of Waterville*, 508 A.2d 1262, 1265 (Me. 1987). The court should defer to the council's judgment on this issue provided the decision is supported by the record evidence. Here it was.

Other challenges relating to the "spot zoning" issue and compliance with the "applicability preamble" are without merit.

Finally, Mr. Fitanides raises myriad challenges to the interpretation and application of the zoning ordinance by the planning board and the ZBA. Suffice it to say that a review of the voluminous record reveals no clear errors of law, no obvious abuse of discretion and the decisions are supported by the record evidence.

The entry is:

Appeal Denied.

Dated: July 9, 2003   *Clerk may incorporate this judgment in the docket by reference.*

G. Arthur Brennan
Justice, Superior Court

4

PLAINTIFF:
FRED FITANIDES - PRO SE
911 PORTLAND RD
SACO ME   04072


DEFENDANTS: H. PAUL DESHAIES & PROPERTIES BY THE SEA
CHRISTOPHER L, VANIOTIS, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04112-5029

DEFENDANTS: CITY OF SACO, BUILDING INSPECTOR, MAYOR, CITY COUNCIL & BOARD OF APPEALS
TIMOTHY S. MURPHY, ESQ.
PRESCOTT LEMOINE JAMIESON & NELSON
PO BOX 1190
SACO ME   04072