2007 ME 31

**LANE CONSTRUCTION CORPORATION**

v.

**TOWN OF WASHINGTON et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 18, 2007.
Decided: Feb. 20, 2007.

Edmond J. Bearor, Esq. (orally), Debra A. Reece, Esq., Rudman & Winchell, LLC, Bangor, for plaintiff.

Robert Marks, Esq. (orally), Washington, for Bourrie, Green et al.

Michael A. Hodgins, Esq., Bernstein Shur Sawyer & Nelson, P.A., Augusta, for Town of Washington.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] The Land Association of Washington, Sandra and Guy Bourrie, Robert Marks, and Paula Green appeal the injunction and declaratory judgment entered in the Superior Court (Penobscot County, *Mead, J.*) in favor of Lane Construction Corporation. The court enjoined the Town of Washington from enforcing a stop work order against Lane Construction and declared that the Washington Mining Ordinance does not apply to Lane Construction. The Land Association and the individual appellants contend that the Washington Mining Ordinance is retroactive and applies to Lane Construction, but we disagree with the contention. Therefore, we affirm the judgment.

## I. BACKGROUND AND PROCEDURE

[¶ 2] In March 2001, Lane Construction applied to the Town for a permit to operate a rock quarry and extract minerals from land located in the Town of Washington. The Washington Planning Board held thirteen public hearings on the application between May 2001 and August 2002. Among those who appeared at the hearings were the Land Association and several abutters to the site of the proposed mining operations. The Planning Board granted a permit to Lane Construction to operate the quarry and extract minerals in August 2002. The permit states that it is issued "in accordance with the Town of Washington's Land Use Ordinance." The Land Association and the abutters appealed the Planning Board's decision to the Superior Court, which affirmed the grant of the permit in March 2005. Soon there-

after, Lane Construction began clearing the site to start the mining operation.

[¶ 3] Several months before the completion of the Planning Board hearings and the issuance of the permit, the Town enacted the Washington Mining Ordinance in March 2002. The provisions of the Mining Ordinance require both a conditional use permit from the Planning Board pursuant to the Land Use Ordinance as well as a permit for mining extraction pursuant to the Mining Ordinance. Washington, Me., Mining Ordinance art. V(5)(D) (Mar. 23, 2002). The Mining Ordinance limits the amount of material that may be extracted to 5000 cubic yards annually. *Id.* art. VI(3)(A). In contrast, the permit granted to Lane Construction pursuant to the Land Use Ordinance allows it to extract "100,000 tons of marketable material from the site annually." There is no dispute that the amount of material that can be extracted pursuant to the Mining Ordinance is substantially less than the amount allowed by the August 2002 permit to Lane Construction.

[¶ 4] While Lane Construction was clearing its site following the Superior Court's affirmance of its conditional use permit in 2005, the Town issued a stop work order. Lane Construction filed this action against the Town in the Superior Court seeking an injunction against the stop work order. Lane Construction also sought a declaratory judgment that the Washington Mining Ordinance does not apply to it because its application for mineral extraction was pending before the Planning Board at the time the Town passed the Mining Ordinance.

[¶ 5] The Superior Court granted Lane Construction's request for a temporary restraining order. The court also granted the motion to intervene by the Land Association and the abutters, who are currently the appellants before us. Lane Construc-

tion moved for summary judgment, which the Town and the intervenors opposed. The court held that, by operation of 1 M.R.S. § 302 (2006), the Mining Ordinance is not applicable to Lane Construction because Lane's application for mineral extraction was pending before the Planning Board at the time the Town passed the Mining Ordinance. The court issued a permanent injunction against the Town and declared "the conditional use permit granted to the Plaintiff is not subject to the mining ordinance that became effective March 23, 2002." Only the intervenors appealed.

## II. DISCUSSION

[¶ 6] The only substantive issue raised in this appeal is whether the Washington Mining Ordinance is retroactive and applicable to a permit application that was pending at the time of passage of the Mining Ordinance.[1] By operation of 1 M.R.S. § 302, an ordinance is not retroactive, and "proceedings pending at the time of the passage ... of an ... ordinance are not affected" by its passage. 1 M.R.S. § 302.[2] However, section 302 can be overridden by a municipality when an ordinance is enacted if the ordinance clearly and unequivocally provides that it is retroactive. See DeMello v. Dep't of Envtl. Prot., 611 A.2d 985, 986–87 (Me.1992). A municipality may go a long way toward demonstrating a clear and unequivocal expression of retroactivity by referring specifically to section 302, as in, "notwithstanding the provisions of 1 M.R.S. § 302"; or stating that the ordinance is retroactive to a certain date or "applies retroactively." See Bernier v. Data Gen. Corp., 2002 ME 2, ¶¶ 15–17 & n. 6, 787 A.2d 144, 149–50 (holding that a statute which used the term "applies retroactively" demonstrated a legislative intent to negate section 302); City of Portland v. Fisherman's Wharf Assocs. II, 541 A.2d 160, 161, 163–64 (Me. 1988) (holding that ordinance which stated it was applicable to all "pending proceedings" overrode section 302).

[¶ 7] We look first to the Mining Ordinance itself to see if it clearly and unequivocally provides that it is retroactive. "The interpretation of an ordinance is a question of law and is reviewed de novo." Kittery Retail Ventures, LLC v.

---

1. The Land Association and the other appellants have extensively briefed whether the court abused its discretion in issuing a temporary restraining order. Because a temporary or preliminary injunction is merged into the permanent injunction, Grupo Mexicano de Desarrollo, S.A., v. Alliance Bond Fund, Inc., 527 U.S. 308, 314, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999), we do not address the propriety of the issuance of the temporary restraining order. We also do not address the appellants' contentions regarding the issuance of the permanent injunction because in this case the legal underpinning of the injunction and the declaratory judgment are the same.

2. Title 1 M.R.S. § 302 (2006) states in relevant part:
   § 302. Construction and effect of repealing and amending acts
   Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby. For the purposes of this section, a proceeding shall include but not be limited to petitions or applications for licenses or permits required by law at the time of their filing. For the purposes of this section and regardless of any other action taken by the reviewing authority, an application for a license or permit required by law at the time of its filing shall be considered to be a pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before. For the purposes of this section, a substantive review of an application for a license or permit required by law at the time of application shall consist of a review of that application to determine whether it complies with the review criteria and other applicable requirements of law.

*Town of Kittery,* 2004 ME 65, ¶ 10, 856 A.2d 1183, 1188. We look first to the plain meaning of the terms of the ordinance to give effect to the legislative intent. *Id.*

[¶ 8] The Mining Ordinance does not use the term "retroactive." It does not refer to 1 M.R.S. § 302. It does not state that it is applicable to all pending proceedings or pending applications.

[¶ 9] The only language in the ordinance that could be interpreted to make the ordinance retroactive to applications pending at the time of its passage in March 2002 is found in article IV(4)(A)(3), which states that the ordinance "applies to all extraction activities ... which are ... new or proposed." Washington, Me., Mining Ordinance art. IV(4)(A)(3). The Land Association contends that because Lane Construction was proposing to extract minerals at the time the Mining Ordinance was passed, the ordinance, which states that it is applicable to "new or proposed" activities, applies.

[¶ 10] However, the phrase "new or proposed" as used in this context is ambiguous. It could reasonably refer to activities that are "new or proposed" after the date of the ordinance. The phrase "new or proposed" does not necessarily refer to activities that are new or proposed prior to the passage of the ordinance. The most reasonable interpretation of "proposed" is that the ordinance applies to operations that have been conceived of prior to the passage of the ordinance but for which no formal proceedings have begun. Because it could also reasonably mean mining activities that were formally proposed in the form of a permit application, the term is ambiguous.

[¶ 11] In opposition to Lane Construction's statement of material facts, *see* M.R.

Civ. P. 56(h)(2), the Town admitted that "[t]he Mining Ordinance does not contain an express provision making it retroactive to pending applications." [3] This admission by the legislative body, that is, the Town that enacted the ordinance, is a strong indication that it was not the Town's intention that the ordinance be retroactive. The admission, given the absence of any language in the ordinance either referring to section 302, stating that it was applicable to pending applications, or providing that it was retroactive to a certain date, demonstrates that the Town did not intend retroactive application.

[¶ 12] Because there is no clear and unambiguous statement in the Mining Ordinance that it applies retroactively, we apply the provisions of section 302, with its "preference for prospectivity." *Fisherman's Wharf Assocs. II,* 541 A.2d at 163. Section 302 says that a new ordinance does not affect "[a]ctions and proceedings pending at the time of the passage" of the new ordinance. There is no dispute that the proceedings regarding Lane Construction's application for a mineral extraction permit were well underway at the time the Town passed the Mining Ordinance. Therefore, the Mining Ordinance is not applicable to Lane Construction's permit to extract minerals.

The entry is:

Judgment affirmed.

---

**3.** By adopting the Town's opposing statement of material facts as their own, the Land Association and the other appellants also admitted that the "Ordinance does not contain an express provision making it retroactive to pending applications."