MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 16
Docket:        Cum-16-28
Argued:        September 15, 2016
Decided:       January 26, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

ESTATE OF MERRILL P. ROBBINS

v.

TOWN OF CUMBERLAND et al.

JABAR, J.

[¶1]  The Estate of Merrill P. Robbins appeals from a judgment of the Superior Court (Cumberland County, *Mills, J.*) affirming the Town of Cumberland Board of Adjustment and Appeals' determination that the Town's proposed development is permitted within the Low Density Residential district as a "municipal use."[1]  Because the plain language of the Cumberland Zoning Ordinance supports the Board's interpretation, we affirm.

---

[1]  We agree with the Superior Court's assessment that the operative decision from which this appeal arises is the Board of Adjustment and Appeals' decision because the Board acted "as both fact finder and decision maker."  *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 9, 854 A.2d 216.  (quotation marks omitted).

## I. BACKGROUND

[¶2]  In 2014, the Town of Cumberland purchased property located in Cumberland known as the Broad Cove Reserve.  The property is located in the Low Density Residential district (LDR zone).  In the spring of 2015, the Town submitted to the Cumberland Planning Board an application for site plan review for a proposed development involving the Broad Cove Reserve property.  In its application, the Town stated that the purpose of the development was "to provide low-impact passive recreation along the Casco Bay shoreline for the residents of Cumberland."  Specifically, the Town endeavored to create public access walking trails, construct a parking lot, and relocate an existing bathhouse.

[¶3]  On July 16, 2015, the Cumberland Code Enforcement Officer (CEO) determined that the Town's proposed use was permitted in the LDR zone as a "municipal use," a designation defined in the ordinance.  Cumberland, Me., Zoning Ordinance § 315-4 (Mar. 26, 2012).  The CEO submitted his comments to the Planning Board, and after a public hearing, the Board approved the Town's application.  The Estate, which owns land abutting the Broad Cove Reserve property, subsequently appealed the CEO's decision, arguing that the Town's development constituted an "outdoor recreational facility," and was

thus prohibited in the LDR zone under the terms of the ordinance. The Board of Adjustment and Appeals agreed with the CEO's interpretation and determined that the Town's proposed facility was permissible within the LDR zone as a "municipal use." The Estate subsequently appealed to the Superior Court, and the court affirmed, concluding that the plain language of the ordinance supported the Board of Adjustment and Appeals' determination that the Town's proposed use of the Broad Cove Reserve property was a "municipal use," and was thus permissible within the LDR zone. The Estate appeals.

## II. DISCUSSION

### A. Standard of Review

[¶4] On appeal, the parties do not dispute the description or the physical characteristics of the Town's proposed facility, nor do they contest its proper characterization under the ordinance as an "outdoor recreational facility." Rather, they offer competing interpretations of the zoning ordinance, specifically with regard to how it is applied to the Town's proposed facility. The interpretation of a zoning ordinance is a question of law, and we review the relevant portions of the Town of Cumberland Zoning Ordinance de novo. *Kittery Retail Ventures, LLC v. Town of Kittery*, 2004 ME 65, ¶ 10, 856 A.2d 1183.

4

B.    The Town of Cumberland Zoning Ordinance

[¶5]  The Estate argues that because the Town's proposed facility may be characterized as either a "municipal use" or an "outdoor recreational facility," and because a "municipal use," but not an "outdoor recreational facility," is permitted in the LDR zone, the relevant provisions of the ordinance are in conflict.  Further, the Estate argues that because of this asserted conflict, we must look beyond the plain language of the ordinance to interpret the conflicting provisions.  And because the provisions here cannot be harmonized, the Estate argues, we must conclude that the Town's facility is an "outdoor recreational facility," and is thus prohibited in the LDR zone.

[¶6]  The Town, on the other hand, contends that the language of the ordinance is clear and unambiguous, and that we need not look past the text of the ordinance itself to interpret the relevant provisions.  Alternatively, the Town argues, if the provisions here are in conflict, they may be harmonized in a way that permits the Town's proposed development.

[¶7]  We interpret the Town of Cumberland Zoning Ordinance de novo and "look first to the plain meaning of the terms of the ordinance to give effect to the legislative intent." *Lane Constr. Corp. v. Town of Washington*, 2007 ME 31, ¶ 7, 916 A.2d 973.  "[I]f the meaning of the . . . ordinance is clear, we need not

look beyond the words themselves." *Wister v. Town of Mt. Desert*, 2009 ME 66, ¶ 17, 974 A.2d 903.

[¶8] The Town of Cumberland Zoning Ordinance defines a "municipal use" as "[a]ny use or building maintained by the Town of Cumberland." Cumberland, Me., Zoning Ordinance § 315-4 (Mar. 26, 2012). It defines an "outdoor recreational facility," in pertinent part, as

> [a] place designed and equipped primarily for the conduct of nonmotorized outdoor sports, leisure-time activities, and other customary and usual recreational activities, excluding boat launching facilities, amusement parks, and campgrounds.

*Id.* "Municipal uses" are permitted within the LDR zone, whereas "outdoor recreational facilities" are not. *Id.* § 315-7.

[¶9] The language of the ordinance is clear and unambiguous. It provides that "any use" by the Town of Cumberland qualifies as a "municipal use," and that these uses are permitted in the LDR zone. *Id.* §§ 315-4, 315-7. There are no carveouts or exceptions, though some uses that are "municipal" are defined elsewhere in the ordinance. The Estate's argument, if accepted, would have us interpret the ordinance as limiting permissible "municipal uses" in the LDR zone to only those uses that are otherwise explicitly permitted within the zone. Such an interpretation would not only require us to read additional language

6

into the provision, it would also have the effect of limiting the Town's ability to operate municipal facilities throughout the Town's various zones.

[¶10] Because the meaning of "municipal use" as used in the ordinance is unambiguous, we affirm the court's judgment that in turn affirmed the Board of Adjustment and Appeals' decision allowing the Town's proposed facility within the LDR zone.[2]

The entry is:

Judgment affirmed.

Scott D. Anderson, Esq. (orally), and Juliet T. Browne, Esq., Verrill Dana, LLP, Portland, for appellant Estate of Merrill P. Robbins

Natalie L. Burns, Esq. (orally) and Alyssa C. Tibbetts, Esq., Jensen Baird Gardner & Henry, Portland, for appellee Town of Cumberland

Cumberland County Superior Court docket number AP-2015-35
FOR CLERK REFERENCE ONLY

---

[2] Because we conclude that the language of the ordinance is clear and unambiguous, we do not reach the Estate's argument regarding harmonization of the provisions.