MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:      2017 ME 163
Docket:        Han-16-539
Submitted
 on Briefs:    May 25, 2017
Decided:       July 20, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

ARTHUR J. GREIF

v.

TOWN OF BAR HARBOR

JABAR, J.

[¶1]   Arthur J. Greif appeals from a judgment of the Superior Court (Hancock County, *Anderson, J.*) affirming the decision of the Bar Harbor Town Council declining to conduct an investigatory hearing after receiving a letter from Greif in which he detailed allegations of misconduct by two of the Town's councilors.  We conclude that the Council acted properly pursuant to the Bar Harbor Town Charter and Maine's Freedom of Access Act, and we affirm the judgment.

I.  BACKGROUND

[¶2]   The following facts are set out in the administrative record.  *See* M.R. Civ. P. 80B(f); *Osprey Family Tr. v. Town of Owls Head,* 2016 ME 89, ¶ 2, 141 A.3d 1114.

2

[¶3]  Greif is a Bar Harbor resident.  On January 4, 2016, he sent a letter to five of the Town's seven councilors detailing allegations of misconduct concerning the other two councilors.  In the letter, Greif alleged that, in 2013, the two councilors secretly met with the Town's Code Enforcement Officer (CEO) to encourage the CEO to clandestinely monitor another Town employee's use of the Town photocopier in hopes of uncovering evidence that the Town employee used the photocopier to conduct his private real estate business.  According to Greif, the two councilors planned to report any wrongdoing the CEO observed to the Town manager.

[¶4]  Greif's letter alleged that the councilors' actions violated the Town Charter, which prohibits the Town Council or its councilors from giving orders to Town employees.  *See* Bar Harbor, Me., Charter § C-11 (July 1, 2010).  Accordingly, Greif urged the Town Council to convene an investigatory hearing to determine whether the councilors' conduct violated the Town Charter and consequently warranted forfeiture of their positions on the Council.

[¶5]  On January 5, 2016, one day after the date of Greif's letter, the Town Council held a meeting.  While in a regular session, the Council voted 7-0 to enter an executive session "for the purpose of consulting with the

Town's attorney concerning the legal rights and duties of the Town in regard to" the Council's receipt of Greif's letter. After approximately one hour, the Council—excluding the councilors who were named in the complaint— reentered regular session and voted unanimously to pursue no further action, concluding "that the alleged facts and circumstances contained in the January 4, 2016 letter do not warrant further review or consideration by the Council."

[¶6]  On January 29, 2016, Greif filed with the Superior Court an appeal in which he sought review of the Council's actions in disposing of the allegations contained in his letter.  *See* 4 M.R.S. § 105(3); M.R. Civ. P. 80B. Additionally, Greif alleged in his complaint that the Town Council violated the provisions of Maine's Freedom of Access Act (FOAA), 1 M.R.S. §§ 400-521 (2016), when, he claimed, the Council discussed the substance of his allegations in an executive session closed to the public.  The court rejected Greif's FOAA claims and affirmed the actions of the Town.  Greif appeals.[1]

---

[1]  The parties have represented that, at the time of this appeal, one of the councilors involved in the alleged misconduct is no longer on the Council, having not sought reelection after the expiration of his term.  The parties agree that this appeal, to the extent it involves the councilor no longer serving on the Council, is moot.  Because, however, with regard to the active councilor, "there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources," Greif's claims pertaining to that councilor are not moot. *Monroe v. Town of Gray,* 1999 ME 190, ¶ 4, 743 A.2d 1257 (alteration omitted) (quotation marks omitted).

## II.  DISCUSSION

[¶7]  We review the Town Council's decision "directly for error of law, abuse of discretion or findings not supported by substantial evidence in the record." *Osprey Family Tr.*, 2016 ME 89, ¶ 9, 141 A.3d 1114 (quotation marks omitted).  In so doing, we review the relevant provisions of the Town Charter de novo. *Id.*

A.     Town Charter

[¶8]  Greif contends that the Town Charter requires the Town Council to convene an investigatory hearing into allegations of councilor misconduct upon receiving a written complaint from any aggrieved citizen.   A plain language reading of the Town Charter does not support Greif's interpretation. *See Lane Constr. Corp. v. Town of Washington*, 2007 ME 31, ¶ 7, 916 A.2d 973 ("We look first to the plain meaning of the terms of the ordinance to give effect to the legislative intent.").

[¶9]  Section C-12 of the Town Charter provides that a councilor "shall forfeit his/her office" if the councilor "[v]iolates any express prohibition" of the Town Charter.  Bar Harbor, Me., Charter § C-12 (July 1, 2010).  Section C-13, entitled "Judge of qualifications," establishes that "[t]he Council shall be the judge of . . . the grounds for forfeiture of their office and for that purpose

shall have the power to provide for compulsory attendance of witnesses, the administering of oaths, and the compulsory production of evidence." *Id.* § C-13. That same section sets forth that "[a]n officer charged in writing with conduct constituting grounds for forfeiture of his/her office shall be entitled to a public hearing on demand, made within 10 days of receipt of notice of forfeiture." *Id.*

[¶10] It is therefore incongruous that a private citizen could "charge" a councilor with "conduct constituting grounds for forfeiture of his/her office" by invoking a section of the Town Charter that reserves to the Council itself the power to determine what conduct warrants forfeiture under the Charter. *Id.*

[¶11] On the contrary, a plain language reading of the Charter comports with the Town Council's actions here. After receiving Greif's letter, the Town Council, in an executive session where the councilors named in Greif's letter were not present, conferred with its attorney about the Council's duties and obligations regarding the letter and, in public session, as the "judge of the grounds of forfeiture," decided to pursue no further action. *See id.* If the Town Council had determined that the councilors' conduct as alleged in the letter constituted grounds for forfeiture, it could have then charged them in

6

writing, at which point the charged councilors could request a public hearing on the charges. *See* Bar Harbor, Me., Charter §§ C-12, C-13. Therefore, the court did not err in concluding that the Council, upon receiving Greif's letter, was not required to hold an investigatory hearing on Greif's allegations.

B.      Freedom of Access Act

[¶12]   Greif also contends that the court erred in concluding that the procedure the Town Council utilized in declining to pursue further action on his allegations was permissible pursuant to FOAA.[2]  Specifically, he argues that the Town Council violated the Act by making a decision "as to whether to believe or disbelieve" the allegations in Greif's letter in a closed executive session.

[¶13]   Title 1 M.R.S. § 405 (2016) sets forth the circumstances under which a town council may conduct a nonpublic executive session as well as the topics on which the council may permissibly deliberate during those sessions.   Section 405(6)(E) permits, during an executive session, "[c]onsultations between a body or agency and its attorney concerning the legal rights and duties of the body or agency."   Alternatively, the statute

---

[2]  It is not clear from the face of his Rule 80B complaint whether Greif relies on FOAA as a statutory avenue for review under M.R. Civ. P. 80B or if he is asserting a separate cause of action based on a violation of the Act. *See* M.R. Civ. P. 80B(i).  Nonetheless, as explained in detail below, the Town Council's actions did not violate the Act, and therefore the court did not err in affirming the Town's actions in that regard.

prohibits a town council from approving "any ordinances, orders, rules, resolutions, regulations, contracts, appointments or other official action in an executive session."  1 M.R.S. § 409(2) (2016).  If a town council violates this section, "[u]pon learning of any such action, any person may appeal to any Superior Court in the State." *Id.*

[¶14]  The Town Council's actions comported with FOAA mandates. The official minutes of the January 5, 2016, Town Council meeting indicate that the council voted 7-0 to enter into an executive session "for the purpose of consulting with the Town's attorney concerning the legal rights and duties of the Town in regard to a complaint received against two Council members." At the conclusion of the executive session, the Town Council returned to regular session and unanimously passed a resolution providing that "the alleged facts and circumstances contained in [Greif's] letter do not warrant further review or consideration by the Council."  Section 405(6)(E) explicitly permitted the Town Council to enter into an executive session to consult with "its attorney concerning the legal rights and duties" of the Council as they pertained to the allegations contained in Greif's letter.  Therefore, because the Town Council neither violated the Town Charter nor FOAA, we affirm the judgment.

8

The entry is:

Judgment affirmed.

_____

Arthur J. Greif, appellant pro se

Edmond J. Bearor, Esq., and Jonathan P. Hunter, Esq., Rudman Winchell, Bangor, for appellee Town of Bar Harbor

Hancock County Superior Court docket number AP-2016-01
FOR CLERK REFERENCE ONLY